UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN PRICE,<br><br>    Plaintiff,<br><br>v.<br><br>RELIANCE STANDARD LIFE INSURANCE COMPANY,<br><br>    Defendant. | Case No. 3:22-cv-04300-JD<br><br>**ORDER RE ATTORNEY'S FEES** |

In this benefits dispute under ERISA, plaintiff Robin Price, an employee of Medtronic, Inc., requests reasonable attorney's fees incurred in securing payment and reinstatement of long-term disability benefits. *See* Dkt. Nos. 1, 19.  After Price initiated this lawsuit, defendant Reliance Standard Life Insurance Company (Reliance Standard) reinstated his benefits. *See* Dkt. No. 20 ¶ 48.  The parties advised the Court that their dispute had been resolved in all respects except for the matter of attorney's fees. *See* Dkt. No. 14 at 2.  Price now requests an award of $68,545 in attorney's fees, and an additional $8,000 for drafting his reply brief in support of a fee award, for a total of $76,545.  Dkt. Nos. 19, 31.  The parties' familiarity with the record is assumed, and Price's motion is granted in part.

The parties do not dispute that Price is entitled to reasonable fees.  ERISA provides that "reasonable attorney's fees and costs" are available "to either party" in the Court's discretion.  29 U.S.C. § 1132(g)(1); *see also Dimry v. Bert Bell/Pete Rozelle NFL Player Retirement Plan*, No. 3:16-cv-01413-JD, 2018 WL 6726963, at *1 (N.D. Cal. Dec. 22, 2018).  In contrast to other statutes, Section 1132(g)(1) does not limit awards to "prevailing parties."  *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 251-52 (2010).  All that is required is that the party seeking fees must show "some degree of success on the merits." *Id.* at 255 (internal quotations and

citation omitted). The discretion to award fees is guided by the "general rule" that a successful ERISA plaintiff should, in the ordinary course, receive fees from the defendant. *Smith v. CMTA-IAM Pension Tr.*, 746 F.2d 587, 589 (9th Cir. 1984); *see also Dimry*, 2018 WL 6726963, at *1. There is no question that Price achieved success by getting Reliance Standard to reinstate his benefits. Reliance Standard itself concedes that it "is not challenging Plaintiff's right to seek a *reasonable* fee." Dkt. No. 28 at 7 (emphasis in original).

The salient question is whether the requested fees are reasonable. Price initially sought hourly rates of $850 for Glenn Kantor, founding partner of Kantor & Kantor, and $700 for Sally Mermelstein, of counsel. *See* Dkt. No. 19 at 11. In a reply brief, Price proposed a lower hourly rate of $800 for attorney Kantor. *See* Dkt. No. 31 at 10. Price supports these hourly rates with evidence of prevailing rates in the market in the form of declarations from ERISA attorneys not involved in this dispute, and citations to fee awards in other cases that approved similar, though at times lower, hourly rates. *See* Dkt. Nos. 20-21, 23-26. The attorneys also provided their time records, which present in a lodestar approach the time spent on specific tasks by each lawyer, and the amount billed for these tasks. *See* Dkt. No. 20-1.

These materials amply satisfy a claimant's burden of submitting evidence supporting the reasonableness of hourly rates, time use, and overall bills. *See Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983); *Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 945 (9th Cir. 2007). Reliance Standard says that "substantial reductions" to Price's fee request are warranted, in that the request reflects "padded and over billing for form documents, inefficiency, excessiveness, time spent on unnecessary activities, and use of higher hourly attorneys when lower hourly attorneys are available at Kantor & Kantor to handle a run of the mill ERISA case." Dkt. No. 28 at 7.

Some trimming is warranted to a modest extent. To start, the Court declines to award Price fees for time spent on the reply brief. The reply brief reiterates many of the points raised in Price's initial fees brief, changes the hourly rate sought for attorney Kantor without explanation, and suggests that counsel for both parties have not handled this fee dispute with the level of professionalism and civility expected in this District. *See, e.g.*, Dkt. No. 31 at 1 ("**If and only IF** [Reliance Standard's] recitation of the facts which led to the present motion were anywhere near

2

1    accurate, Plaintiff would be in total agreement that the amount billed was

2    **EXTRAORDINARILY** excessive . . . .") (emphasis in original). Although attorney Kantor

3    submitted a declaration in which he says that he "spent in excess of 10 hours drafting the brief,"

4    Dkt. No. 31-1 ¶ 20, no billing records were submitted in support of this additional request. In

5    addition, Price is already seeking fees for over ten hours of work billed on the initial brief. *See*

6    Dkt. No. 20-1 at ECF p. 8. Consequently, the time spent on the reply brief was unreasonable and

7    is excluded in full.

8    　　　This leaves the $68,545 that Price requests for all the work performed prior to the reply

9    brief. The figure is based on an hourly rate of $850 for attorney Kantor. But, as previously noted,

10   Price agreed to an $800 hourly rate in the reply brief, and that number is more in line with the

11   rates cited in his supporting declarations. As for attorney Mermelstein, Reliance Standard

12   complains that her $700 hourly rate is excessive because she is based in Minnesota. *See* Dkt. No.

13   28 at 13. But the $305 hourly rate it proposes is too low for an attorney of Mermelstein's

14   experience, and would be grossly out of line with even the $700 rate that it proposes for attorney

15   Kantor. *See id.* at 12. A more reasonable hourly rate, considering prevailing rates in the

16   community and the fee declarations submitted by Price, is $650 for Mermelstein. The resulting

17   subtotal, after adjusting both attorneys' hourly rates, is $64,160.

18   　　　A further reduction is warranted for unreasonable and excessive hours. The billing records

19   indicate that the attorneys spent a significant amount of time communicating with Price, and

20   reviewing email exchanges involving their client. Plaintiff's counsel defends this time on the

21   basis that Price "was highly anxious about the litigation from the outset" and that an unusual,

22   backdated letter added to Price's case file by a Reliance Standard employee "added to [Price's]

23   anxiety level" and "required both [attorneys] to spend hours upon hours calming him down, which

24   added numerous hours to the time expended." Dkt. No. 31 at 8-9. Counsel says that Reliance

25   Standard must "take his plaintiff as he finds him," *id.* at 9 n.7, invoking the "eggshell" plaintiff

26   concept. The concept is inapposite here. The pertinent inquiry is whether the hours billed were

27   reasonably expended. It is certainly appropriate for an attorney to be paid for a reasonable amount

28   time interacting with a client about the litigation in general, but "hours upon hours" spent

reassuring an "extraordinarily" anxious client is not subject to full compensation. *Id.* at 7. The Court finds that a 25% reduction is appropriate under the circumstances, resulting in a total fee award of $48,120.

This award is warranted under the guidelines in *Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir. 1980). Strictly speaking, these factors are not contained in Section 1132(g)(1) and are not required by statute to be taken into account. *See Hardt*, 560 U.S. at 254-55. However, the Ninth Circuit has "traditionally" looked to the *Hummell* guidelines and requires that they be considered, which *Hardt* did not foreclose. *Simonia v. Glendale Nissan/Infiniti Disability Plan*, 608 F.3d 1118, 1121 (2010) (citing *Hardt*, 560 U.S. at 255 n.8); *see also Dimry*, 2018 WL 6726963, at *2.

The award here satisfies the five *Hummell* factors. First, Reliance Standard manifested a degree of culpability and bad faith in terminating Price's benefits in the manner that it did. Second, there is no dispute that it has the ability to pay the claimed fees. Third, the award should have a deterrent effect on Reliance Standard from engaging in similar conduct in handling other benefits. The fourth factor is neutral. And the fifth factor favors an award, given that Reliance Standard's reinstatement of Price's benefits indicates that his position was meritorious. It is also worth noting that the case was resolved in fairly short order with a minimum of active litigation.

Consequently, Price is awarded $48,120 in attorney's fees. Pre-judgment interest was not requested and the Court declines to award it. *See Blankenship v. Liberty Life Assurance Co. of Boston*, 486 F.3d 620, 627-28 (9th Cir. 2007).

**IT IS SO ORDERED.**

Dated: March 22, 2023

_____
JAMES DONATO
United States District Judge